IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2985-B-BN |
| | § | |
| RENEE H. TOLIVER, Magistrate, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should grant Plaintiff Cyndi King leave to proceed *in forma pauperis*, *see* Dkt. No. 4, summarily dismiss her claims under 28 U.S.C. § 1915(e)(2)(B)(ii), and issue the warning set out below.

**Applicable Background**

The sole basis for this action is King's claim that United States Magistrate Judge Renee Harris Toliver "cannot preside over any case I've filed. It slows my right to speedy trial. I am suing Mag. [Renee] Toliver to stop the Court from slowing down my right to a speedy trial." Dkt. No. 3 at 1.

**Legal Standards and Analysis**

A district court is required to screen a civil action filed *in forma pauperis* and

may summarily dismiss that action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the now-familiar framework of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

The undersigned observes first that, while the Federal Rules of Civil Procedure

admonish courts and litigants to construe, administer, and employ those rules "to secure the just, speedy, and inexpensive determination of every [civil] action and proceeding," FED. R. CIV. P. 1, the right to a speedy trial protected by the Constitution and the Speedy Trial Act of 1974, 18 U.S.C. § 3161, does not apply to a civil litigant. King therefore may not state a claim based on the speedy-trial right. *See, e.g., Shipula v. Tex. Dep't of Family Prot. Servs.*, Civ. A. No. H-10-3688, 2011 WL 1882521, at *11 n.42 (S.D. Tex. May 17, 2011) ("[A] Sixth Amendment right to a speedy trial applies to criminal proceedings only and fails to state a cognizable claim in Plaintiff's civil actions." (citations omitted)); *cf. Quinn v. Roach*, 326 F. App'x 280, 290 (5th Cir. 2009) ("The only remedy for a violation of the Sixth Amendment right to a speedy trial is dismissal of any criminal charges." (citations omitted)).

As to King's factual allegations against Judge Toliver, the Court should take notice that, prior to the docketing of this action, a *pro se* action filed by King was referred to Judge Toliver for pretrial management under a standing order entered by United States District Judge David C. Godbey. *See King v. 305th Court*, No. 3:17-cv-2921 (N.D. Tex.).

A party may freely withhold her consent to a magistrate judge's "conduct[ing] any or all proceedings in a jury or nonjury civil matter and order[ing] the entry of judgment in the case." 28 U.S.C. § 636(c)(1); *see id.* § 636(c)(2) (requiring that a magistrate judge "advise the parties that they are free to withhold consent without adverse substantive consequences"). But,

> under [28 U.S.C.] § 636(b)(1)(B), the court may authorize [a magistrate

-3-

> judge] "to conduct hearings and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions excepted under [28 U.S.C.] § 636(b)(1)(A). After such a recommendation, the parties may submit written objections within fourteen days after receiving a copy of the recommendation and may have their objections reviewed de novo by the district court.

*McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (citing 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); ellipses omitted).

And, as the United States Court of Appeals for the Fifth Circuit has held, when this procedure is followed – as routinely occurs in this Court – a magistrate judge "properly ... enter[s] a recommendation on a [dispositive matter] despite a [party's] failure to consent to" the magistrate judge. *Id.*; *see, e.g., Bank of N.Y. Mellon v. Coleman*, No. 3:13-cv-1329-O, 2013 WL 4525746, at *1 (N.D. Tex. Aug. 27, 2013) ("Magistrate Judge Toliver did not enter judgment, but only made a recommendation on Plaintiffs' motion to remand, which does not require consent of the parties." (citing *Ybarra v. Meador*, 427 F. App'x 325, 327 (5th Cir. 2011) (per curiam); *Nixon v. GMAC Mortg. Corp.*, 408 F. App'x 833, 833 (5th Cir. 2011) (per curiam))); *accord Bailey v. Tex. Dep't of Health & Human Servs.*, No. 3:17-cv-1434-N-BN, 2017 WL 2838154, at *1-*2 (N.D. Tex. June 8, 2017), 2017 WL 2838177 (N.D. Tex. June 30, 2017); *cf. Flentroy v. Lamb*, 467 F. App'x 291, 292 (5th Cir. 2012) (per curiam) ("Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties.").

For these reasons, King cannot state a plausible claim against Judge Toliver based on cases or motions referred to Judge Toliver.

### Warning

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

On October 24, 2017, the Court docketed three cases filed by King: *King v. 305th Court*; *King v. Shannon*, No. 3:17-cv-2922-K-BN (N.D. Tex.); and *King v. DFPS*, No. 3:17-cv-2936-L-BH (N.D. Tex.). All three were referred to United States magistrate judges under a standing order entered by the presiding United States district judge. The Court then docketed, on October 30, 2017, this action, along with two others raising similar claims. Considering the claims raised in this action against King's brief but litigious history in this Court, the undersigned finds that King should be warned that any future filing raising claims substantively similar to the claims raised in this action will subject her to a $100.00 monetary sanction payable to the Court.

### Recommendation

The Court should grant Plaintiff Cyndi King leave to proceed *in forma pauperis*,

*see* Dkt. No. 4, summarily dismiss her claims under 28 U.S.C. § 1915(e)(2)(B)(ii), and issue the warning set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE